UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ANN KASSAWA,

    Plaintiff,                              CIVIL ACTION NO. 06-CV-13436

  v.

                                       DISTRICT JUDGE GEORGE CARAM STEEH

                                       MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF               FORMERLY ASSIGNED TO
SOCIAL SECURITY,                MAGISTRATE JUDGE WALLACE CAPEL, JR.,

    Defendant.
  _____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on April 1, 2003, alleging that she had been disabled and unable to work since October 11, 2002, at age 38, due to severe joint pain and mental depression.  Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA).  A requested de novo hearing was held on February 8, 2005, before Administrative Law Judge (ALJ) E. Patrick Golden. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work   The Law Judge limited the claimant to simple work, which did not require that she sit for more

than 2 hours per day.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed as a data entry clerk, an administrative aide and a financial assistant during the relevant past (TR 49, 54. 203-204). As a financial assistant, she sat for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 49). Claimant stopped working on a full time basis in October 2002, as a result of sciatica, low back pain and mental depression[1] (TR 202). The claimant estimated that she could not sit or stand for more than 10 minutes.  She allegedly could walk just a few blocks and lift about three pounds on a regular basis (TR 60-62, 217-218).  Plaintiff testified that she wore wrist splints and used a cane when walking (TR 208-209). Claimant had trouble climbing stairs, and she was unable to manipulate or hold objects (TR 209-210, 218). The claimant added that she was able to drive only short distances, and could perform only light, routine household chores (TR 62, 67, 210).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as sedentary, skilled activity (TR 220). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[2] (TR 221). If the claimant were

---

[1] Plaintiff continued to work as a part-time financial assistant for a local hospital through December 2004 (TR 201, 203-204).

[2] The witness opined that the claimant's alleged need to lie down for several hours each day would preclude all work activity (TR 221).

**2**

capable of light work, the witness testified that there were numerous clerical, sorting and packaging jobs that she could still perform with minimal vocational adjustment (TR 221). Many of these simple, unskilled jobs provided a sit-stand option (TR 221).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of left hip and low back pain and bilateral carpal tunnel syndrome, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring prolonged sitting, standing or lifting. Claimant was limited to simple, unskilled jobs that did not involve complex tasks. The Administrative Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is disabled as a result of severe joint pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the

4

allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling back, hip, and hand pain.

The medical record revealed that Plaintiff injured her coccyx in July 2001, after jumping into a lake and landing on an unmarked pipe (TR 60, 133-136). She was treated with steroidal injections, medications and physical therapy (TR 96-115, 135). The claimant was discharged from physical therapy in May 2002, at which time she was able to ambulate for 20 minutes with a cane and sit for 45 minutes at a time (TR 96). An MRI examination of claimant's low back in September 2002, yielded normal results (TR 172-173). Plaintiff returned to work on a part-time basis through December 2004, when she left her employment to give birth to a baby (TR 201).

As the ALJ noted, the medical evidence did not document any significant deterioration in claimant's health at the time of her alleged onset date of disability in October 2002. The ALJ also pointed out that Plaintiff no longer complained to her doctors of coccyx pain after February 2003 (TR 14). Significantly, repeated laboratory and clinical testing failed to reveal spinal or hip impairments that would be expected to give rise to symptoms and limitations of the severity alleged by claimant (TR 14-15). The ALJ reasonably considered the fact that the Plaintiff went from March 2003 through January 2005, without seeking medical treatment, which was inconsistent with her claim that she was continuously disabled the entire period since October 2002 (TR 17).

While Plaintiff was described by her doctors as being depressed, she has never been referred to a mental health professional for treatment. Although the claimant complained of severe limitations resulting from carpal tunnel syndrome, the record lacked clinical corroboration that the condition was of a severity that might reasonably be expected to give rise to totally disabling manual limitations. The ALJ also considered Plaintiff's daily activities, including driving on a regular basis and working part-time as an administrative assistant through December 2004, as being inconsistent with the extreme degree of limitation alleged (TR 19).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency physician, who concluded that the claimant could perform substantial gainful activity on a sustained basis[3] (TR 88-95). Moreover, the types of unskilled jobs identified by the Vocational Expert (clerical, sorting and packaging) would not cause a great deal of work related stress. Many of these unskilled jobs provided a sit-stand option (TR 221).

Plaintiff relies heavily upon the fact that Dr. Mark Rottenberg found her incapable of returning to work in February 2003 (TR 130). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

6

Cir. 1985).  Since Dr. Rottenberg offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[4].   Miller v. Secretary, 843 F.2d 221, 224   (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

Plaintiff attached to her Motion for Summary Judgment a letter from Dr. Imas, dated August 2004, which indicated that the claimant was unable to perform even sedentary work on an going basis. In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge.  Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the newly submitted letter from the treating doctor could not be considered by the undersigned.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the

---

[4]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge observed, Dr. Rottenberg rendered only conservative treatment, which is at odds with the doctor's overly restrictive assessment of his patient's functional abilities (TR 18). Indeed, it appears the doctor's statement was based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence. The fact that Plaintiff continued to work part-time through December 2004, gave the ALJ an additional basis to reject the doctor's assessment of her residual capacity in February 2003.

witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Acheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: February 13, 2007

_____

### CERTIFICATE OF SERVICE

    I hereby certify on February 13, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 13, 2007.  **Wendy Ann Kassawa.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217